VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

---

ALFRED FASY and VIRGINIA FASY-WELLS, Respondents, *v.* INTERNATIONAL NAVIGATION COMPANY, Appellant.

*Bill of lading — when the burden of proof as to when a loss of part of the goods covered by the bill occurred, rests on the carrier issuing it — conditions limiting the carrier's liability.*

In an action brought by Alfred Fasy and his wife against the International Navigation Company to recover the value of a sealskin sack, it appeared that the plaintiffs delivered a trunk containing such sealskin sack to the agents of the defendant at Basle, Switzerland, for transportation to New York. The bill of lading provided that the trunk should be delivered at New York to "The International Navigation Co., New York, for disposal of Dr. Wells, Esq., Richmond Hill, Long Island, or to his or their assigns." On the arrival of the trunk in New York the defendant, without giving the consignee or the plaintiffs an opportunity to see or examine the trunk or take it in charge for the purpose of entry, sent it to the custom house and, after it had been released, forwarded the trunk to the plaintiffs at Richmond Hill through an express company chosen by it. When the trunk was opened the sealskin sack was found to be missing.

*Held,* that, as the defendant had deprived the plaintiffs of their right to examine the trunk at the place of delivery designated in the contract, the burden of proof as to when the loss of the sack occurred was thereby shifted, and that the defendant was called upon to show whether or not the loss occurred while the trunk was in its actual custody;

That conditions in the bill of lading limiting the liability of the defendant could not be regarded as exempting the defendant from liability for negligence.

PATTERSON and McLAUGHLIN, JJ., dissented.

APPEAL by the defendant, the International Navigation Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 23d day of June, 1902, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's

office on the 20th day of June, 1902, denying the defendant's motion for a new trial made upon the minutes.

April 26, 1899, the plaintiff Virginia Fasy-Wells, who is the wife of the plaintiff Alfred Fasy, delivered a trunk to the agents of the defendant at Basle, Switzerland, for transportation to New York. A bill of lading was issued in the usual form, whereby the defendant undertook to forward the trunk to Southampton, and there transship it to the steamship *Paris* of the defendant's line to be delivered at New York to "The International Navigation Co., New, York for disposal of Dr. Wells, Esq., Richmond Hill, Long Island or to his or their assigns."

The trunk was entered at the custom house and after its release was delivered to the plaintiff Virginia Fasy-Wells at Richmond Hill, L. I. Upon such delivery it was found that a sealskin sack which had been placed in the trunk was missing, and this action was brought to recover the value thereof.

*Norman B. Beecher,* for the appellant.

*Joseph P. Osborne,* for the respondents.

Judgment and order affirmed, with costs, on opinion of NASH, J.

VAN BRUNT, P. J., O'BRIEN and LAUGHLIN, JJ., concurred; PATTERSON and McLAUGHLIN, JJ., dissented.

The following is the opinion of NASH, J., delivered at the New York Trial Term:

NASH, J.:

The defendant's bill of lading acknowledging the receipt of the trunk is evidence of the fact that it was delivered to the defendant's agent at Basle. By its terms the defendant agreed to deliver the trunk of effects in good order and condition at the port of New York with "The International Navigation Co. New York, for disposal of Dr. Wells," Richmond Hill, L. I. The defendant was not required by its contract to deliver the trunk to Dr. Wells at Richmond Hill. It could have relieved itself of liability by the delivery of the trunk of effects to the consignee in New York in good order and condition, and upon tendering such delivery the question as to good order and condition, if raised by the plaintiffs,

would then have been determined, and if not, the plaintiffs would have been concluded. The defendant did not do this. Its agent, without giving to the consignee, or the plaintiff Mrs. Wells, an opportunity to see or examine the trunk, or take it in charge for the purpose of entry, sent it to the custom house, and after entry there and its release by brokers of its selection forwarded the trunk by an express company chosen by the defendant. The defendant thereby retained the entire control of the trunk to the exclusion of the plaintiff until it was finally delivered to her at Richmond Hill. The defendant in this manner made the express company it selected its agent for the purpose of the delivery of the trunk to the consignee, and while the act of delivery was entirely voluntary, not being required by the contract, it deprived the plaintiffs of the right which they had to examine the trunk of effects at the place of delivery provided in the contract. It is fair, I think, to hold that the burden of proof was thereby shifted, and that the defendant was called upon to show whether or not the loss occurred while the trunk was in its actual custody. The evidence also fairly discloses the fact that the sealskin sack was not in the trunk when delivered at the custom house; the entry and fees then amounted to only $4.03, whereas the sack was subject to a duty of 35 per cent on its valuation of $180, the excess above $100, which it may be assumed would have been levied if the trunk had contained the sack. It seems that the conditions of the bill of lading limiting the liability of the defendant cannot be regarded as exempting the defendant from liabilities for negligence. (*The Kensington*, N. Y. L. J., Feb. 5, 1902.) The loss must have occurred through negligence of the defendant's servants or agents if the sack was taken from the trunk while in its custody.

Motion for a new trial denied, with ten dollars costs.

# Cases

DETERMINED IN THE

# SECOND · DEPARTMENT

IN THE

## APPELLATE DIVISION,